UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRO 49 DEVELOPMENT, LLC, a California limited liability company,<br><br>                    Plaintiff,<br><br>     v.<br><br>NESS EXPRESS 1, LLC, a Delaware limited liability company; ADAM DECKER, an individual; JOSEPH DECKER, an individual; TOMMY'S EXPRESS LLC, a Michigan limited liability company; RYAN ESSENBURG, an individual; and DOES 1-100, inclusive,<br><br>                    Defendants. | No. 2:24-cv-01850-JAM-JDP<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND** |

Before the Court is Pro 49 Development's ("Plaintiff") motion to remand. See Mot., ECF No. 8. Ness Express 1 ("Ness"), Adam Decker ("A. Decker"), and Joseph Decker ("J. Decker") oppose. See Opp'n, ECF No. 18. Plaintiff replied, though it failed to comply with the Court's order regarding filing requirements. See Reply, ECF No. 20; Order re Filing Requirements, ECF No. 6-2. For the following reasons,

1

Plaintiff's motion is denied.[1]

## I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

This controversy arises out of a lease between Plaintiff and Ness for the establishment of a car wash under the franchise of Defendant Tommy's Express ("Tommy's"). See Comp. ¶ 1, ECF No. 1. Plaintiff alleges that named defendants A. Decker, J. Decker, and Ryan Essenburg ("Essenburg") interfered with the lease. See id. Plaintiff brings thirteen causes of action, including breach of contract. See id. at 1.

Plaintiff originally filed suit in the Superior Court of California, County of Placer. See Notice of Removal, ECF No. 1. Ness then timely removed the case to federal court under diversity jurisdiction. See id.; see also 28 U.S.C. § 1441.

Plaintiff now moves to remand this action to Placer County Superior Court. See Mot. at i. Plaintiff argues that there is not complete diversity and that Ness's notice of removal was procedurally defective. See id. at 4-7. Defendants counter that there is complete diversity and, to the extent that the notice of removal was procedurally defective, it can be amended. See Opp'n at 4-5.

## II. OPINION

A. Legal Standard

Under 28 U.S.C. § 1441, a defendant may remove a civil action from state to federal court if there exists original jurisdiction. See City of Chicago v. Int'l Coll. of Surgeons,

---

[1]This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for October 8, 2024.

2

1   522 U.S. 156, 163 (1997).  "The district courts shall have
2   original jurisdiction of all civil actions arising under the
3   Constitution, laws, or treaties of the United States."  28
4   U.S.C. § 1331.  Courts strictly construe the removal statute
5   against removal and federal jurisdiction must be rejected if
6   there is any doubt as to the right of removal.  Gaus v. Miles,
7   Inc., 980 F.2d 564, 566 (9th Cir. 1992).  The party removing a
8   case to federal court "has the burden to prove, by a
9   preponderance of the evidence, that removal is proper."
10  Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka,
11  599 F.3d 1102, 1107 (9th Cir. 2010).

12       "Defective allegations of jurisdiction may be amended, upon
13  terms, in the trial or appellate courts."  28 U.S.C. § 1653.  The
14  Ninth Circuit held that a "a district court may consider later-
15  provided evidence as amending a defendant's notice of removal."
16  Gen. Dentistry For Kids, LLC v. Kool Smiles, P.C., 379 F. App'x
17  634, 636 (9th Cir. 2010); see also Cohn v. Petsmart, Inc., 281
18  F.3d 837, 840 n.1 (9th Cir. 2002) ("The district court did not
19  err in construing [defendant's] opposition as an amendment to its
20  notice of removal.") (citing Willingham v. Morgan, 395 U.S. 402,
21  407 n.3 (1969)).  Relying on this precedent, district courts have
22  routinely considered filings other than the notice of removal
23  when determining whether it has jurisdiction.  See e.g.,
24  Altamirano v. Shaw Indus., Inc., No. C-13-0939 EMC, 2013 WL
25  2950600, at *3 (N.D. Cal. June 14, 2013) ("A court may properly
26  consider evidence the removing party submits in its opposition to
27  remand, even if this evidence was not submitted with the original
28  removal petition."); McGregor v. Lincoln Nat'l Corp., No.

06CV0288 IEG (RBB), 2006 WL 8455559, at *3 (S.D. Cal. Apr. 25, 2006) ("The Court may consider the defendant's notice of removal and further pleadings to determine whether the defendant has properly substantiated the amount in controversy thereby permitting removal."); Babcock v. ING Life Ins. & Annuity Co., No. 12-CV-5093-TOR, 2012 WL 3862031, at *2 (E.D. Wash. Sept. 5, 2012) ("[T]he court may consider this evidence even if it was not produced with the original notice of removal."); and Alameda Healthcare & Wellness Ctr., LLC v. All Am. Healthcare Servs., Inc., No. CV 23-859-GW-AFMX, 2023 WL 11892166, at *2 (C.D. Cal. Apr. 19, 2023) ("In keeping with this authority, the Court would treat the supporting documentation submitted along with Defendant's Opposition as an amendment to the Notice of Removal.").

B.   Request for Judicial Notice

Under Federal Rule of Evidence 201, a district court may take judicial notice of a fact that is "not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).  A court may therefore take judicial notice of matters of public record. Reyn's Pasta Bella LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006).

Plaintiff requests that the Court take judicial notice of a grant deed recorded in the official records of the County of Ventura. See Request for Judicial Notice, ECF No. 8-4.  The deed shows that A. Decker recorded title for a house in California on November 19, 2020.  See id.  Because Plaintiff

seeks judicial notice of a document that is a matter of public record and the request is unopposed, the Court grants this request.

  C. <u>Diversity Jurisdiction</u>

  A court may exercise diversity jurisdiction over a matter when the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties. <u>See</u> 28 U.S.C. § 1332(a). The Court addresses these requirements below.

    1. <u>Amount in Controversy</u>

  A notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." <u>Dart Cherokee Basin Operating Co. v. Owens</u>, 574 U.S. 81, 89 (2014). The amount in controversy is calculated based upon "the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." <u>Chavez v. JPMorgan Chase & Co.</u>, 888 F.3d 413, 414-15 (9th Cir. 2018). "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." <u>Lewis v. Verizon Commc'ns, Inc.</u>, 627 F.3d 395, 400 (9th Cir. 2010) (citation omitted).

  Here, Plaintiff demands millions of dollars in damages related to the leased property. <u>See</u> Compl. Prayer for Relief 1. Accordingly, Ness's notice of removal included "a plausible allegation that the amount in controversy exceeds" $75,000. <u>See</u> <u>Dart Cherokee Basin Operating Co. v. Owens</u>, 574 U.S. at 89; Notice of Removal ¶ 16. While Plaintiff is correct that Ness does not show how it calculated the amount in controversy that it

provides in the notice of removal, Plaintiff does not—and cannot—contest that the amount in controversy far exceeds $75,000. See Mot. at 7; Notice of Removal ¶ 14.

### 2. Diversity of Citizenship

An action may be removed to federal court based on diversity jurisdiction only where there is complete diversity of citizenship between the parties. Hunter v. Phillip Morris USA, 582 F.3d 1039, 1043 (9th Cir. 2009) (citing 28 U.S.C. §§ 1332(a), 1441(b)). For diversity purposes, a person is a citizen of a state if he or she is: (1) a citizen of the United States and (2) domiciled in that state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). An LLC is a citizen of the state of which its owners or members are citizens. Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). "In determining whether a civil action is removable on the basis of [diversity jurisdiction], the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

#### a. Consideration of Other Filings

Plaintiff claims that "removal must be based on the removal notice itself," and not later submitted declarations and filings. See Reply at 7. However, as explained above, courts may consider filings after the notice of removal when determining whether jurisdiction exists. See supra Part II.A. The Ninth Circuit has held that "a defendant may amend the Notice of Removal after the thirty day window has closed to correct a defective allegation of jurisdiction" and that amendment can cure "defective allegations regarding citizenship." Kanter v. Warner-Lambert Co., 265 F.3d

6

853, 858 (9th Cir. 2001) (internal quotation marks and citation omitted). Plaintiff argues that Kanter is inapposite because in that case, unlike here, (1) the opposing party did not contest diversity of citizenship and (2) the defendants alleged they were not citizens of California. See Reply at 6. But Kanter does not indicate that either fact—diversity being unopposed or the defendants alleging they were not citizens of California—was necessary for its holding that defective allegations can be amended. Because many district courts have considered evidence in later submitted filings, the Court finds that it too can review filings submitted after the notice of removal to determine its jurisdiction. See supra Part II.A. Accordingly, the Court construes these later filings as amending the notice of removal and considers them in making its determinations below.

                b.    Citizenship of the Parties

It is undisputed that Plaintiff is a citizen of California. See Notice of Removal at 4; Compl. ¶ 2. Tommy's is an LLC formed in Michigan. Tommy's Express LLC's Corporate Disclosure Statement, ECF No. 13 at 2. Plaintiff alleges that Tommy's principal place of business is in Michigan. See Compl. ¶ 6. Tommy's states that all its members are citizens of Michigan. See Tommy's Express LLC's Corporate Disclosure Statement at 2. This is not disputed by Plaintiff.

Defendant Essenburg states that he is a citizen of Michigan. See Ryan Essenburg's Rule 7.1 Disclosure Statement, ECF No. 15 at 2 and Defendant J. Decker states that he is a citizen of Arizona. See Joseph Decker's Rule 7.1 Disclosure Statement, ECF No. 17 at 2. He declares that he has lived in Arizona since the summer of

2022.  See Declaration of Joseph Decker, ECF No. 18-2 at 2. Plaintiff does not dispute the citizenship of either of these individuals.

Finally, Defendant A. Decker states that he is a citizen of Arizona.  See Adam Decker's Rule 7.1 Disclosure Statement, ECF No. 16 at 2.  He declares that he has lived in Arizona since March 2024 and intends to remain there.  See Declaration of Adam Decker, ECF No. 18-1 at 1-2.  Plaintiff provides two pieces of evidence to dispute A. Decker's statements.  First, on or about June 15, 2023, Defendant's real estate professional sent an email to Plaintiff's employee that listed a California home as A. Decker's asset, as well as a personal investment account that listed the California address for A. Decker.  See Declaration of Michael Alizadeh, ECF No. 8-2 at 2.  But the email and provided statement are from 2023, which is not inconsistent with A. Decker's statement that he has lived in Arizona since March 2024. See Declaration of Michael Alizadeh, Exh. 2.  Second, Plaintiff provided the grant deed showing that A. Decker registered title for a California home in 2019.  See Request for Judicial Notice. But A. Decker states that he co-owns this property and rents it to a third party.  See Declaration of A. Decker at 2.  Plaintiff argues that A. Decker must provide the current lease to prove that it is rented out.  See Reply at 8.  Even if A. Decker owns property in California that does not not conclusively demonstrate that he is a citizen of the state for diversity purposes. Plaintiff has not provided any other evidence disputing A. Decker's statements regarding his citizenship. Accordingly, the Court finds that A. Decker is a citizen of Arizona.

The evidence before this Court at this time reveals that Plaintiff is a citizen of California and all Defendants are citizens of other states. The amount in controversy has also been satisfied and the Court therefore finds that it has diversity jurisdiction. See 28 U.S.C. § 1332(a).

### D. Defects in the Notice of Removal

Plaintiff's remaining arguments for remand are (1) all defendants did not initially consent to removal; (2) the notice of removal was unsigned; and (3) removal was untimely. See Mot. at 6; Reply at 2, 4. The Court addresses these issues in turn.

First, the Ninth Circuit held that when all properly served defendants do not join a petition for removal, "the district court may allow the removing defendants to cure the defect by obtaining joinder of all defendants prior to the entry of judgment." Destfino v. Reiswig, 630 F.3d 952, 956–57 (9th Cir. 2011)(citation omitted). Tommy's and Essenburg consented after the filing of the present motion. See Notice of Consent to Removal, ECF No. 12. Accordingly, all properly served defendants have consented to removal before an entry of judgment. As such, the Court construes this later filing as curing the defect in the notice of removal.

Second, Ness's counsel signed the notice of removal. See Notice of Removal at 2. While Plaintiff is correct that the notice is not signed on a later page, it presents no argument as to why the initial signing is insufficient for purposes of Rule 11 of the Federal Rules of Civil Procedure. See Reply at 4; Notice of Removal at 5.

Finally, Plaintiff improperly raises a new issue in its reply regarding the timeliness of the removal petition. Ness filed its notice of removal within thirty days, as it was served on June 4, 2024, and petitioned for removal on June 28, 2024. See Notice of Removal at 5. Plaintiff argues that Ness could not remove the action within thirty days because the complaint was not removable on its face. See Reply at 2-4 (citing Kuxhausen v. BMW Fin. Servs. NA LLC, 707 F.3d 1136 (9th Cir. 2013). But Plaintiff misreads Kuxhausen. There, the Ninth Circuit recognized that 28 U.S.C. Section 1446 "identifies two thirty-day periods for removing a case. The first thirty-day removal period is triggered if the case stated by the initial pleading is removable on its face. The second thirty-day removal period is triggered if the initial pleading does not indicate that the case is removable, and the defendant receives 'a copy of an amended pleading, motion, order or other paper' from which removability may first be ascertained." Kuxhausen, 707 F.3d at 1139 (cleaned up). This distinction is to preserve a defendant's ability to remove later, not prohibit them from doing so earlier. The Ninth Circuit continued, "To avoid saddling defendants with the burden of investigating jurisdictional facts, we have held that the ground for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock under § 1446(b) to begin." Id. (internal quotation marks and citation omitted). Even if Plaintiff is correct that the complaint was not removable on its face, that would just mean the first thirty-day clock was not triggered, and that Ness still had an additional thirty-day period to remove after removability was ascertained; it did not

prohibit Ness from petitioning for removal when it did. As such, Plaintiff's claim that removal was untimely fails.

In sum, the Court finds there are no remaining procedural defects in the notice of removal and Plaintiff's motion to remand is therefore denied.

E.   Sanctions for Failure to Comply with the Court's Order

Plaintiff's Reply exceeded the Court's page limit. See Order re Filing Requirements at 1. Plaintiff's Reply was nine pages, whereas the filing requirements limit this brief to five pages and call for sanctions of $50 per page exceeding the limit. See id. Local Rule 110 authorizes the Court to impose sanctions for "failure of counsel or of a party to comply with . . . any order of the Court." Therefore, Plaintiff's counsel, Alexander Kandel, is ordered to pay $200.00 to the Clerk of the Court.

### III.   ORDER

Because the Court finds that Defendants have proven by a preponderance of evidence that removal was proper, Plaintiff's motion to remand is DENIED. See Geographic Expeditions, Inc., 599 F.3d at 1107. As such, Plaintiff's request for attorneys' fees and costs is also DENIED.

It is further ordered that within ten (10) days of this Order Alexander Kandel shall pay sanctions of $200.00 to the Clerk of the Court

IT IS SO ORDERED.

Dated: October 21, 2024

_____
JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE