1

2

3

4

5

6

7               UNITED STATES DISTRICT COURT

8              EASTERN DISTRICT OF CALIFORNIA

9

10   PRO 49 DEVELOPMENT, LLC, a          No. 2:24-cv-01850-JAM-JDP
     California limited liability
11   company,

12              Plaintiff,              **ORDER GRANTING IN PART AND
                                         DENYING IN PART DEFENDANTS'**
13        v.                            **MOTION TO DISMISS**

14   NESS EXPRESS 1, LLC, a Delaware
     limited liability company; ADAM
15   DECKER, an individual; JOSEPH
     DECKER, an individual; TOMMY'S
16   EXPRESS LCC, a Michigan limited
     liability company; RYAN ESSENBURG,
17   an individual; and DOES 1 through
     100, inclusive,
18
                Defendants.
19

20        Before the Court is Defendants Tommy's Express LLC and Ryan

21   Essenburg's (collectively, the "Tommy's Defendants") motion to

22   dismiss. See Mot., ECF No. 32-1. Pro 49 Development

23   ("Plaintiff") opposes. See Opp'n, ECF No. 35. The Tommy's

24   Defendants reply. See Reply, ECF No. 38. For the following

25   reasons, the motion is GRANTED IN PART and DENIED IN PART.[1]

26

     _____

27   [1]This motion was determined to be suitable for decision without
     oral argument. E.D. Cal. L.R. 230(g). The hearing was
28   scheduled for February 11, 2025.

                              1

1          I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

2          Plaintiff originally filed suit in the Superior Court of

3    California, County of Placer.  <u>See</u> Notice of Removal, ECF No. 1.

4    Defendants then properly removed the case to federal court under

5    diversity jurisdiction.  <u>See</u> <u>id.</u>; <u>see</u> <u>also</u> Order Denying Motion

6    to Remand, ECF No. 25.

7          This controversy arises out of a lease between Plaintiff and

8    Defendant Ness Express 1 ("Ness") for the establishment of a car

9    wash under the franchise of Defendant Tommy's Express.  <u>See</u> Comp.

10   ¶ 1, ECF No. 1.  Plaintiff alleges that Ness violated the lease

11   and that named defendants (including Ryan Essenburg) interfered

12   with the lease.  <u>See</u> <u>id.</u>  Plaintiff brings thirteen causes of

13   action, including breach of contract.  <u>See</u> <u>id.</u> at 1. Of those

14   thirteen causes of action, Plaintiff only brings four against the

15   Tommy's Defendants: (1) inducing breach of contract;

16   (2) intentional interference with contractual relations;

17   (3) intentional interference with prospective economic relations;

18   and (4) negligent interference with prospective economic

19   relations.  <u>See</u> <u>id.</u> at 23-26.  In its Prayer for Relief,

20   Plaintiff seeks punitive damages for these claims.  <u>See</u> <u>id.</u> at

21   32.

22         The Tommy's Defendants now move to dismiss these four causes

23   of action for failure to state a claim upon which relief can be

24   granted.  Mot. at 1-2.  They also ask the Court to dismiss

25   Plaintiff's request for punitive damages.  <u>See</u> <u>id.</u> at 2.

26   Plaintiff responds that it has sufficiently pled these claims and

27   its request for punitive damages.  <u>See</u> Opp'n at 15.

28   ///

                                    2

1                              II.   OPINION

2         A.   Legal Standard

3         A Rule 12(b)(6) motion challenges the sufficiency of a

4    complaint for "failure to state a claim upon which relief can be

5    granted."  Fed. R. Civ. P. 12(b)(6).  "To survive a motion to

6    dismiss [under 12(b)(6)], a complaint must contain sufficient

7    factual matter, accepted as true, to state a claim to relief

8    that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S.

9    662, 678 (2009) (internal quotation marks and citation omitted).

10   Plausibility requires "factual content that allows the court to

11   draw the reasonable inference that the defendant is liable for

12   the misconduct alleged."  Id.  While "detailed factual

13   allegations" are unnecessary, the complaint must allege more

14   than "[t]hreadbare recitals of the elements of a cause of

15   action, supported by mere conclusory statements."  Id.

16   Conclusory allegations are not to be considered in the

17   plausibility analysis.  Id. at 679 ("While legal conclusions can

18   provide the framework of a complaint, they must be supported by

19   factual allegations.").  When a plaintiff fails to "state a

20   claim upon which relief can be granted," the Court must dismiss

21   the claim.  Fed. R. Civ. P. 12(b)(6).

22        B.   Request for Judicial Notice

23        Under Federal Rule of Evidence 201, a district court may

24   take judicial notice of a fact that is "not subject to

25   reasonable dispute because it can be accurately and readily

26   determined from sources whose accuracy cannot reasonably be

27   questioned."  Fed. R. Evid. 201(b)(2).  It is proper for a court

28   to consider evidence subject to judicial notice when deciding a

                                  3

1   motion to dismiss.  Weston Fam. P'ship LLLP v. Twitter, Inc., 29

2   F.4th 611, 617 (9th Cir. 2022).

3       The Tommy's Defendants request that the Court take judicial

4   notice of the lease between Plaintiff and Ness, as well as an

5   email involving Adam Decker.  See Request for Judicial Notice,

6   ECF No. 32-2.  The Tommy's Defendants state that the email forms

7   the basis of Plaintiff's allegation that they told Ness to

8   abandon the lease.  Id. at 2.  Plaintiff does not oppose the

9   request.  Because the Tommy's Defendants seek judicial notice of

10  documents that are referenced in the complaint, the Court GRANTS

11  this request.

12      C.   Analysis

13          1.   Inducing Breach of Contract

14      To state a claim for inducing breach of contract, a

15  plaintiff must show: (1) the existence of a valid contract

16  between the plaintiff and a third party; (2) the defendant's

17  knowledge of that contract; (3) the defendant's intentional acts

18  designed to induce a breach or disruption of the contractual

19  relationship; (4) actual breach; and (5) resulting damage.  Jenni

20  Rivera Enterprises, LLC v. Latin World Ent. Holdings, Inc., 36

21  Cal. App. 5th 766, 782 (2019) (internal quotation marks and

22  citations omitted).

23      The Tommy's Defendants assert that Plaintiff must show that

24  they "acted in an unjustified manner."  See Mot. at 6-8.  The

25  Court disagrees.  "The defendant's conduct need not be wrongful

26  apart from the interference with the contract.  Furthermore, a

27  plaintiff need not establish that the primary purpose of the

28  defendant's actions was to disrupt the contract.  The tort is

                                4

1    shown even where the actor does not act for the purpose of

2    interfering with the contract or desire it but knows that the

3    interference is certain or substantially certain to occur as a

4    result of his [or her] action." Jenni Rivera Enterprises, 36

5    Cal. App. 5th at 782 (cleaned up).

6         The Tommy's Defendants do not contest that that there was a

7    valid contract between Plaintiff and Ness, that they knew about

8    the contract, or that there was resulting damage.  As such, the

9    Court addresses the remaining elements, in part by discussing the

10   arguments presented by the Tommy's Defendants: (a) whether there

11   was an actual breach; (b) whether the contract was at-will and

12   therefore Plaintiff must show an independently wrongful act; and

13   (c) whether Ness and Tommy's had a privileged relationship that

14   precludes liability for this tort.

15                        a.   Actual Breach

16        The Tommy's Defendants argue that Plaintiff cannot show

17   actual breach because Ness did not breach the contract.  See Mot.

18   at 6.  Instead, the Tommy's Defendants contend that Ness believed

19   it was acting lawfully "within the termination period under the

20   Lease." Id.

21        In the Complaint, Plaintiff states that Ness terminated the

22   Lease by citing to a section of the contract that allowed for

23   termination "only in the event the Lessee, in its commercially

24   reasonable discretion, is unsatisfied with its inspections."

25   Compl. ¶ 48.  Plaintiff further alleges that the inspections are

26   specified elsewhere, and that Ness never performed any of the

27   qualifying inspections.  Id. ¶¶ 48-49.  As such, Plaintiff

28   plausibly states that Ness breached the contract, thus satisfying

                                   5

1    this element for pleading inducing breach.

2                    b.    <u>At-Will Contract</u>

3         The Tommy's Defendants argue that the contract was at-will

4    and therefore Plaintiff must plead an independently wrongful act.

5    <u>See</u> Mot. at 7; <u>see also</u> <u>Ixchel Pharma, LLC v. Biogen, Inc.</u>, 9

6    Cal. 5th 1130, 1148 (2020) (holding that to state a claim for

7    interference with an at-will contract, a plaintiff must allege

8    that the defendant engaged in an independently wrongful act).

9    The Tommy's Defendants summarily argue that the lease was akin to

10   an at-will contract because "Ness was still in it [sic]

11   termination period."  <u>See</u> <u>Mot</u>. at 7.  Plaintiff argues that the

12   contract was not at-will.  <u>See</u> Opp'n at 7.

13        An at-will contract "may be terminated, by its terms, at the

14   prerogative of a single party, perhaps because that party found a

15   better offer from a competitor.  In that event, the other party

16   has no legal claim to the continuation of the relationship."

17   <u>Coast Hematology-Oncology Assocs. Med. Grp., Inc. v. Long Beach</u>

18   <u>Mem'l Med. Ctr.</u>, 58 Cal. App. 5th 748, 767 (2020).  Here, the

19   lease did not provide that either party could terminate it

20   without justification.  Indeed, both parties agree that the lease

21   could be terminated only under specific conditions, which is why

22   the Tommy's Defendants argue that Ness terminated the contract

23   pursuant to a lawful justification.  <u>See</u> Mot. at 6. The Tommy's

24   Defendants do not argue that Ness could terminate the contract at

25   its prerogative.  Moreover, in the Complaint, Plaintiff alleges

26   that the lease could only be terminated subject to outlined

27   circumstances, which is why Ness stated it was terminating the

28   lease pursuant to a particular subsection.  <u>See</u> Compl. ¶¶ 47-57.

                                    6

1   Accepting Plaintiff's factual allegations as true, the Court

2   finds that the contract was not at-will, and therefore Plaintiff

3   does not need to plead an independently wrongful act.

4            c.   Privileged Relationship

5   The Tommy's Defendants' final argument is that they had a

6   privileged relationship with Ness that shields them from

7   liability.  They cite a California appellate case where the court

8   held that an international union was not liable for inducing

9   breach of contract that concerned one of its local unions because

10  the international union and local union were "in a confidential

11  relationship" that was "close and interwoven" with the unions

12  "having common objectives and existing under the same system of

13  internal laws and management."  Lawless v. Bhd. of Painters,

14  Decorators & Paperhangers of Am., 143 Cal. App. 2d 474, 478

15  (1956).  "Multiple courts have cabined Lawless's finding to

16  analogous situations in which the parties have a close or

17  interdependent relationship."  whiteCryption Corp. v. Arxan

18  Techs., Inc., No. 15-CV-00754-WHO, 2016 WL 3275944, at *4–5 (N.D.

19  Cal. June 15, 2016) (collecting cases).

20  The Tommy's Defendants argue that they have a privileged

21  relationship with Ness because they "have a legitimate business

22  interest in the performance and success of Ness's franchise."

23  Mot. at 8.  But as the California Supreme Court held, the

24  assertion of a financial business interest "is a matter of

25  defense, to be decided by a resolution of the factual issues

26  presumptively involved."  Collins v. Vickter Manor, Inc., 47 Cal.

27  2d 875, 883 (1957).  Because the Tommy's Defendants' right to

28  this privilege "does not affirmatively appear on the face of the

7

1  complaint," it would be improper for the Court to find that any
2  such privilege exists at this stage of litigation.  See id.

3      Accordingly, because Plaintiff has stated a claim for
4  inducing breach of contract, the Court denies the Tommy's
5  Defendants' motion as to this claim.

6              2.   Intentional Interference with Contractual
7                   Relations

8      The elements for this tort are substantially similar to
9  those for inducing breach of contract.  See Jenni Rivera
10 Enterprises, LLC, 36 Cal. App. 5th at 782.  As such, the Tommy's
11 Defendants simply incorporate their arguments made for inducing
12 breach.  See Mot. at 9.  Because Plaintiff has sufficiently pled
13 the requisite elements and the Tommy's Defendants have no
14 additional arguments, the Court finds that Plaintiff has stated a
15 claim for intentional interference.  Tommy's Defendants' motion
16 to dismiss as to this claim is denied.

17             3.   Intentional Interference with Prospective Economic
18                  Relations

19     To state a claim for intentional interference with
20 prospective economic advantage, a plaintiff must show: "(1) the
21 existence, between the plaintiff and some third party, of an
22 economic relationship that contains the probability of future
23 economic benefit to the plaintiff; (2) the defendant's knowledge
24 of the relationship; (3) intentionally wrongful acts designed to
25 disrupt the relationship; (4) actual disruption of the
26 relationship; and (5) economic harm proximately caused by the
27 defendant's action."  Roy Allan Slurry Seal, Inc. v. Am. Asphalt
28 S., Inc., 2 Cal. 5th 505, 512 (2017).  Regarding the third

1  element, "an act is independently wrongful if it is unlawful,

2  that is, if it is proscribed by some constitutional, statutory,

3  regulatory, common law, or other determinable legal standard."

4  Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 1159

5  (2003).

6      The Tommy's Defendants argue that Plaintiff has not pled an

7  independently unlawful act.  See Mot. at 10.  Plaintiff counters

8  that the Tommy's Defendants approved the premises for Ness to

9  lease and then later instructed Ness to "cut bait."  See Opp'n at

10  11.  Plaintiff states that the Tommy's Defendants' conduct

11  constitutes "intentional misrepresentation, concealment, false

12  promise, and negligent misrepresentation."  See id.  But none of

13  these allegations are in the Complaint.  In fact, this cause of

14  action contains no mention of unlawful conduct on the part of the

15  Tommy's Defendants.  See Compl. at 25.

16      Because Plaintiff has failed to plead that the Tommy's

17  Defendants engaged in an independently unlawful act, it has

18  failed to state a claim for this tort.  Accordingly, the Court

19  grants the Tommy's Defendants' motion as to this claim.

20          4.  Negligent Interference with Prospective Economic

21              Relations

22      "A plaintiff alleging a claim for intentional or negligent

23  interference with prospective economic advantage has the burden

24  to plead and prove as an element not only that the defendant

25  interfered with an economic relationship, but also that the

26  defendant's interference was wrongful by some measure beyond the

27  fact of the interference itself."  Id. at 1006 (internal

28  quotation marks and citations omitted).  As mentioned above, "an

1   act is independently wrongful if it is unlawful, that is, if it

2   is proscribed by some constitutional, statutory, regulatory,

3   common law, or other determinable legal standard." Korea Supply

4   Co., 29 Cal. 4th at 1159.

5       Like its claim for intentional interference with prospective

6   economic relations, Plaintiff fails to plead that the Tommy's

7   Defendants engaged in independently unlawful conduct for this

8   cause of action. See Compl. at 26. As the Tommy's Defendants

9   argue, this reason alone warrants dismissal. See Mot. at 12.

10  The Court agrees and grants the Tommy's Defendants' motion as to

11  this claim.

12          5. Punitive Damages

13      The Tommy's Defendants ask the Court to dismiss Plaintiff's

14  request for punitive damages because they have not met the

15  pleading requirement under California law. See Mot. at 13-14.

16  But, as Plaintiff points out, the federal pleading standard is

17  more lenient. See Opp'n at 14. "Although Section 3294 provides

18  the governing substantive law for punitive damages, California's

19  heightened pleading standard irreconcilably conflicts with Rules

20  8 and 9 of the Federal Rules of Civil Procedure—the provisions

21  governing the adequacy of pleadings in federal court." Clark v.

22  Allstate Ins. Co., 106 F. Supp. 2d 1016, 1018 (S.D. Cal. 2000).

23  Under the Federal Rule, "malice, intent, knowledge, and other

24  conditions of a person's mind may be alleged generally." Fed. R.

25  Civ. P. 9. Indeed, the Ninth Circuit has held that a plaintiff

26  need not plead "any particularity in connection with an averment

27  of intent, knowledge or condition of the mind." In re GlenFed

28  Sec. Litig., 42 F.3d 1541, 1545 (9th Cir. 1994) (en banc),

1   superseded by statute on other grounds as stated in SEC v. Todd,

2   642 F.3d 1207, 1216 (9th Cir. 2011).  Accordingly, "in federal

3   court, a plaintiff may include a 'short and plain' prayer for

4   punitive damages that relies entirely on unsupported and

5   conclusory averments of malice or fraudulent intent."  Clark, 106

6   F. Supp. 2d at 1019.

7        Plaintiff has pled several claims for which it may be

8   entitled to punitive damages if the elements of Section 3294 are

9   met.  In the Complaint, Plaintiff alleges that the Tommy's

10  Defendants' actions constituted "oppression, fraud and malice

11  within the definition of Civil Code 3294."  See Compl. ¶¶ 122,

12  130, 139, 149.  Even if these allegations are conclusory and

13  unsupported, they are sufficient to survive a motion to dismiss

14  in federal court.  Accord Rees v. PNC Bank, N.A., 308 F.R.D. 266,

15  274 (N.D. Cal. 2015).

16       D.   Meet and Confer

17       Before counsel files a motion, they must first contact

18  opposing counsel to discuss thoroughly the contents of the

19  motion.  See Order, ECF No. 6-2.  For a motion to dismiss, this

20  conference must take place five (5) days before the last day of

21  filing.

22       The Tommy's Defendants filed the present motion on the last

23  day of filing, November 20, 2024.  See Notice of Motion, ECF No.

24  32.  They state they conferred with opposing counsel on November

25  18, 2024—two days before the filing deadline.  See id.  Because

26  the meet and confer should have taken place no later than

27  November 15, 2024, Plaintiff asks that the Court deny the

28  present motion.  See Opp'n at 14-15.  Plaintiff's request is

1    denied.  As the Tommy's Defendants point out, there was no

2    prejudice from the delayed meet and confer, and they satisfied

3    the spirit of the requirement.  See Reply at 5.

4        E.  Leave to Amend

5        A court granting a motion to dismiss a claim must then

6    decide whether to grant leave to amend.  Leave to amend should

7    be "freely given" where there is no "undue delay, bad faith or

8    dilatory motive on the part of the movant, . . . undue prejudice

9    to the opposing party by virtue of allowance of the amendment,

10   [or] futility of [the] amendment . . . ."  Foman v. Davis, 371

11   U.S. 178, 182 (1962).

12       Upon stipulation of the parties, the Court already ordered

13   that Plaintiff may file a First Amended Complaint ("FAC"), and

14   that it may amend its complaint to the extent permitted by this

15   Order regarding the Tommy's Defendants' motion to dismiss.  See

16   Stipulation and Order, ECF No. 39.  Because granting leave to

17   amend the claims dismissed will not result in any delay or

18   prejudice, and because there are facts that Plaintiff claims it

19   could plead to support these claims, the Court grants Plaintiff

20   leave to amend its claims for intentional and negligent

21   interference with prospective economic relations.

22                        III.  ORDER

23       For the reasons set forth above, the Tommy's Defendants'

24   motion to dismiss is GRANTED IN PART and DENIED IN PART.

25   Specifically, the Court GRANTS the motion with leave to amend as

26   to the claims for intentional and negligent interference with

27   prospective economic relations, and DENIES the motion as to the

28   remaining claims.  As previously ordered, Plaintiff shall file

                                  12

1    its FAC within twenty-one (21) days.  <u>See</u> Stipulation and Order.

2    Tommy's Defendants shall file their response to the FAC within

3    twenty-one (21) days thereafter.

4        IT IS SO ORDERED.

5    Dated: February 6, 2025

6

7    _____

8    JOHN A. MENDEZ
     SENIOR UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13